## Thomas Coffin *vs.* Uriah Gardner.

A sheriff, by order of the court, took a convict, sentenced to two months imprisonment, into his custody, in order to execute the sentence; the court on the same day, for the purpose of allowing the convict to be called as a witness without sending to his place of confinement, rescinded the order, and directed the sheriff not to detain him; and on the next day ordered the sheriff to execute the original sentence, which was accordingly

done. *Held,* that the sheriff was not liable for false imprisonment of the convict, unless he detained him in his custody after the court directed him not to detain him, and before the convict was again ordered into his custody.

ACTION OF TORT against the sheriff of Nantucket, for false imprisonment of the plaintiff, at Nantucket, from the 14th to the 15th of October 1850, and also from the said 15th of Octo-ber to the 15th of December 1850.

The defendant justified on the ground that at October term 1850 of the court of common pleas for the county of Nantucket the plaintiff was tried and convicted on an indictment for malicious mischief, and was sentenced to two months' imprisonment in the house of correction; that the court on said 14th of October, caused a copy of the sentence to be delivered by the clerk to the defendant, and ordered the sentence to be executed upon the plaintiff, and ordered the defendant, as sheriff as aforesaid, to take the plaintiff into his custody, and that the defendant accordingly took the plaintiff, who was then under recognizance, into his custody; that the presiding judge of said court soon after ordered the defendant to return the transcript of the record to the clerk, and not to detain the plaintiff, but to permit him to remain in the custody of the court, till the court should otherwise direct; and that the defendant returned the papers to the clerk, as directed, and did not arrest nor otherwise molest the plaintiff: that on the next day, being the 15th of October 1850, the court placed the plaintiff in the custody of the defendant as sheriff as aforesaid, that the sentence above mentioned might be executed on the plaintiff; and that the defendant caused the plaintiff to be carried to the house of correction, and delivered to the keeper thereof, in conformity to the sentence of said court.

At the trial in said court of common pleas, before *Byington,* J. there was evidence tending to prove the facts stated in the answer; and it appeared that the object of the suspension by the court of the execution of the plaintiff's sentence was to allow the plaintiff to be used as a witness on the trial of some cases at said term, without the trouble of sending to the house of correction, four miles distant. There was conflicting evidence upon the question whether the defendant kept the plain-

tiff in custody, after the transcript of the record was ordered to be returned to the clerk, and after the defendant was directed to let the plaintiff go out of his custody. It also appeared that the plaintiff was confined in the house of correction two months from the said 15th of October, according to his sentence; and that no sentence was passed a second time, further than is shown by the facts stated in the answer.

The case was submitted to the jury with instructions that if, upon trial, conviction and sentence of the plaintiff, he was ordered by the court into custody, and the sheriff pursuant to such order took him into custody, for this he would not be liable, so long as such order remained unrescinded and in force; but if the court rescinded the order on suspending the sentence or the execution of the sentence, the sheriff would be liable if he detained him in custody after it was so rescinded, and that he would have no right to take him into custody until a new order was given for that purpose by the court, or sentence passed, or the sentence already passed ordered to be enforced; that if the court, on the fifteenth day of October, being during the term, ordered the transcript of the record made on the 14th to be redelivered to the sheriff to be by him executed according to the order and sentence of the court, and he so executed it, he would not be liable in this action for so doing, although he had unlawfully detained him in custody on the 14th after the order to hold him in custody had been rescinded; and if the court passed sentence on the 14th, and the defendant was ordered and taken into custody, and the sentence or its execution afterwards suspended in the manner before stated, the defendant would not be liable for the subsequent commitment of the plaintiff, pursuant to the sentence of the court.

The verdict was for the defendant; and the plaintiff alleged exceptions to these instructions.

*B. Dean*, for the plaintiff. *Habeas corpus* is the only process to hold one in custody before the court as a witness. Rev. Sts. *c.* 111, § 37. 1 Greenl. Ev. § 312. The power of the court was exhausted by the final sentence of the plaintiff, and his arrest by the sheriff in carrying the sentence into execution; the subse-

14*

quent directions of the court were not binding upon the sheriff; and the release of the plaintiff by the sheriff was voluntary. The process thereby became *functus officio*, and the plaintiff could not be again arrested thereon. The subsequent commit- ment was therefore illegal. Archb. Crim. Pl. 473, 474. 2 Hawk. *c.* 13, § 9. *Atkinson* v. *Jameson*, 5 T. R. 25. 1 Saund. (Wms. ed.) 35, *note*. *Allanson* v. *Butler*, 1 Sid. 330. *Buxton* v. *Home*, 1 Show. 174. By the transcript of the record requir- ing the officer to commit the plaintiff, he had no authority except to commit him; and by not obeying the precept after he had arrested the plaintiff, he became a trespasser *ab initio*, and therefore liable for depriving the plaintiff of his liberty upon that day, which was in addition to the full sentence, subsequently carried into effect. *Tubbs* v. *Tukey*, 3 Cush. 438. If the defend- ant is not liable for the arrest and custody of the plaintiff on the 14th of October it is because it was a part of his sentence; and if it was, the commitment on the 15th was illegal, because, after one day of the sentence had expired, he was committed to remain the entire term.

*E. M. Gardner*, for the defendant.

BY THE COURT. There was a conflict of evidence upon the question whether the plaintiff was held in custody by the de- fendant, after the issuing of the order by the court for the return of the transcript to the clerk. But under the instructions which are the subject of exceptions, the jury must have found that there had been no such detention of the plaintiff.

We are of opinion that the instructions of the court of com- mon pleas were correct, and that the exceptions must be over- ruled. *Exceptions overruled.*